“This case arises on a request for review by defendant United States and defendant-intervenor, the Hoopa Valley *523 Tribe of Indians, of an order by the trial judge entered October 8, 1976, reaffirming his order of May 26, 1976. The latter order mandated that the defendants and the plaintiffs file motions for summary judgment on a schedule of dates outlined therein. The trial judge had previously entered orders which required defendants to respond to certain declaration-questionnaires filled out by plaintiffs to show their entitlement to recovery and required plaintiffs to reply thereto. Many of these papers having been submitted, the trial judge concluded that it would contribute to the good order of handling these claims — almost 4,000 in number— for the defendants to file motions for summary judgment where the responses suggested that legal issues might lead to disqualification of some plaintiffs, or for plaintiffs to so file where claimed eligibility was substantially uncontroverted within the interpretation of the opinion of the court in Short v. United States on October 17, 1973 (202 Ct. Cl. 870, 486 F. 2d 561, cert. denied, 416 U.S. 961 (1974)). Certain plaintiffs were relieved by an order on September 3, 1976, from filing replies until resolution of these dispositive motions clarified the situation. Plaintiffs, on September 1, 1976, filed two motions for summary judgment pursuant to said order of May 26, 1976, but defendants challenge the requirement to do so, alleging no authority in the trial judge to require the filing of a dispositive motion, alleging, alternatively, that his order was actually permissive and not mandatory, and, finally, that the order, if enforced, will shift the burden of proof in this adversary proceeding improperly to defendants. The trial judge has certified the request for review to us for consideration as one of controlling importance to the conduct of the case. Eule 53(c) (2) (i).
“While Eule 101 (b) of the Court of Claims is permissive in its tenor and provides that a defendant may move for summary judgment, we hold that it must be considered in connection with Eule 13 which gives the trial judges the widest latitude in proper exercise of their discretion to regulate proceedings before them, subject to review by the court. We find no abuse of that discretion in his order requiring defendants to test out the legal defenses they have raised which, if *524 successful, will resolve many of the claims without further pretrial efforts to develop factual issues. Further, the language of the underlying order of May 26, 1976, is clearly mandatory. It says defendants “are directed” to file motions for summary judgment, and sets a date therefor. Nor do we •agree that this procedure shifts the Iburden of proving plaintiffs’ claims to defendants. What is at issue is the legal validity of criteria proposed by defendants to defeat the claims. It is not an uncommon practice in this and in other courts for such legal issues to be resolved, where dispositive, in advance of adjudication of issues on the merits. Upon consideration of the request for review, plaintiffs’ response, and defendants’ reply, without oral argument,
“it is therefore ordered that the request for review is granted but that upon review the order of the trial judge entered October 8,1976, is affirmed. The parties are instructed to comply with the directions of the trial judge in filing dispositive motions pursuant to such a time schedule as he requires.
“it is further ordered that the orders of the court of October 1 and October 18,1976, directing that the trial judge rule in the first instance on any then pending dispositive motions, be and they are amended to include reference to him, pursuant to Rule 54, of any and all such motions now or hereafter filed in this case, sub j ect to review as provided by the rules.”